UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SABRENA BRYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:14-CV-1623 NAB |
| ) | |
| BRIDGEWAY BEHAVIORAL HEALTH, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Bridgeway Behavioral Health, Inc.'s ("Bridgeway") Motion for Summary Judgment. [Doc. 31.] Plaintiff Sabrena Bryson did not file a response and the time to respond has passed. Bryson is proceeding *pro se*. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the reasons set forth below, the Court will grant Bridgeway's motion.

**I.    Background[1]**

Bryson filed this action alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and age discrimination under the Age Discrimination in

---

[1] Because Bryson did not file a response and did not provide a statement of material facts as to which she contends a genuine dispute exists, the facts set forth in Defendant's Statement of Uncontroverted Facts, which are supported by appropriate citations to the record, will be deemed admitted. E.D. Mo. L.R. 4.01(E) ("All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."); *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E)).

Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. Bridgeway is a not for profit organization that operates emergency safe shelters and support outreach centers for victims of domestic abuse and sexual assault. Bridgeway also provides residential and outpatient services involved with the treatment and counseling of those with addictive disorders including substance abuse and mental disorders. Jack Barnett is the City Center Site Director, Jill Kwasniewski is the Vice President of HR, and Kathy Raniero is the Director of Nursing. Raniero was Bryson's supervisor during her employment.

On October 12, 2010, Bryson was hired as a part-time Residential Technician. On May 20, 2011, she began working full-time which included 24 hours of Residential Technician work and 16 hours of work in the kitchen as a cook. On July 2, 2011, Bryson became a full-time Residential Technician. Bryson worked the night shift Monday through Friday from 11:00 p.m. to 7:30 a.m.

On October 18, 2012, Bryson received a formal reprimand from Raniero for sleeping during her shift, resulting in a one-day suspension. The reprimand indicated Bryson would be terminated upon the next occurrence. On November 15, 2012, Raniero sent Bryson an email regarding incorrect billing.

On or around January 25, 2013, a Screener position was awarded to Jude Hassan. Bryson maintains she applied for and was denied the position awarded to Hassan. On May 8, 2013, Bryson was offered part-time work in the kitchen, which she turned down. On or around June 17, 2013, a second Screener position was awarded to Jennifer Armer by promotion. Bryson did not apply for that position.[2]

---

[2] There is some confusion in Bryson's responses to interrogatories and requests for admission as to who was awarded which position. At one point, Bryson asserts that Armer was hired for the first Screener position on or around January 25, 2013. However, it is clear from Kwasniewski's

2

According to the job description, a Screener is expected to (1) answer incoming calls from individuals seeking to get into treatment, (2) complete a standardized screening form on each caller and enter data into the agency management information system, (3) schedule appointments for callers to obtain an assessment, and (4) maintain a standard of behavior that is at all times consistent with agency expectations and program philosophy as outlined in the agency's policies and procedures. The position requires demonstrated excellent verbal and written communications skills, which are necessary because a screener must gather, organize, and communicate information appropriately or patients may not receive the treatment they require.

On October 22, 2013, Bryson received a formal reprimand from Raniero for unsatisfactory performance of billing and charting, indicating she would be terminated upon the next occurrence. Bryson was given additional training on billing. On November 6, 2013, Raniero again emailed Bryson regarding incorrect billing. On January 15, 2014, Bryson received another formal reprimand from Raniero for sleeping, indicating she would be terminated upon the next occurrence.

On January 16, 2014, Bryson filed an EEOC charge alleging that she was denied the Screener position awarded to Hassan because of her race and age.

On March 4, 2014, Raniero emailed Bryson for at least the third time about incorrect billing, as well as being late coming back from lunch on multiple occasions.

In a March 18, 2014 letter to Kwasniewski, Bryson expressed her dissatisfaction with her employment, alleged that Raniero was slandering her, and suggested a meeting with Kwasniewski. Kwasniewski emailed Bryson asking when would be a good time to call and

---

affidavit and Bryson's own complaint that Hassan was hired first and that the Screener position awarded to Hassan is the only one for which Bryson applied.

schedule a meeting. Kwasniewski requested copies of emails Bryson had referenced in her letter and proposed including Raniero in the meeting. Bryson chose not to meet with Kwasniewski, which Bryson claims was based on advice of counsel and her feeling it was not in her best interests.

On March 21, 2014, Bryson was again given a formal reprimand by Raniero for unsatisfactory performance of billing, which indicated she would face disciplinary action up to and including dismissal if it occurred again. On June 18, 2014, Bryson failed to attend a mandatory meeting and her employment was terminated.

On September 16, 2014, Bryson filed this *pro se* action alleging failure to promote, hostile work environment, and retaliation in violation of Title VII and the ADEA. [Doc. 1.] Bryson asserts that she was discriminated against based on her race (African American) and her age (she was born December 7, 1960). Bryson filed a motion for appointment of counsel. The Court denied the motion with leave to renew it before the case was referred to ADR. [Doc. 15.] The Court later entered an order reminding Bryson that she could seek limited appointment of counsel for ADR. [Doc. 16.] Bryson did not renew her motion.

## II.  Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no

genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on an issue of material fact. *Miller v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence, he or she must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c); *Herring v. Can. Life Assur. Co.*, 207 F.3d 1026, 1029 (8th Cir. 2000). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Herring*, 207 F.3d at 1029 (quoting *Miller*, 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993). In passing on a motion for summary judgment, it is not the court's role to decide the merits. The court should not weigh evidence or attempt to determine the truth of a matter. Rather, the court must simply determine whether a genuine issue of material fact exists. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

"There is no discrimination exception to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011). "Although employment discrimination cases are often fact intensive and dependent on nuance in the workplace, they are not immune from summary judgment. If there is no dispute of material fact

and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1018 (8th Cir. 2011) (internal citations omitted).

## III. Discussion

### A. Failure to Promote

Bryson claims that she was denied the Screener position awarded to Hassan because of her race and age. In her complaint, Bryson states that she has been an outstanding employee of Bridgeway for three years, often volunteering her time and days off to help the organization; that she has been trained on admissions and has conducted them in the past when nurses were unable; and that she has seven years of managerial experience. According to Bryson, the Assistant Director of Nursing, Charlotte Hayes, suggested that she apply for the Screener position awarded to Hassan. Bryson asserts that, after coordinating a time and date with Barnett, she interviewed with him for the position on January 7, 2013. According to Bryson, at some point during the interview Barnett began discussing how he hoped to give her a kitchen position. Bryson further asserts that at the end of the interview, Barnett said that he had a few more interviews to conduct but that Bryson had always been a very good employee and was a good candidate. Bryson states that she only found out that the Screener position had been awarded to Hassan when Hassan told her himself on January 25, 2013 and that Hassan is a young white male who is a family friend of the CEO of Bridgeway. Finally, Bryson asserts that she was overlooked for the second Screener position awarded to Armer, who is a young white female and the niece of Raneiro. According to Bryson, Armer was promoted over another black female who also applied for the position. Bryson contends that she and the other black female watched as less qualified young white females were promoted at Bridgeway.

Where there is no direct evidence of discrimination, courts apply the framework established in *McDonnell Douglas Corporation v. Green*.[3] *Cox v. First Nat. Bank*, 792 F.3d 936, 938-39 (8th Cir. 2015). Under the *McDonnell Douglas* framework, once a plaintiff establishes a prima facie case of failure to promote, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for not promoting the plaintiff. *Id*. If the employer does so, the burden then shifts back to the plaintiff to present evidence that the proffered reason is pretextual. *Id*. To establish a prima facie claim for failure to promote, Bryson must show that (1) she belonged to a protected class, (2) she met the minimum qualifications and applied for the position, (3) despite her qualifications she was denied the position, and (4) her employer promoted a person of similar qualifications who was not a member of the protected group. *McCullough v. Real Foods, Inc.*, 140 F.3d 1123, 1126 (8th Cir. 1998); *Hase v. Missouri Div. of Employment Sec.*, 972 F.2d 893, 896 (8th Cir. 1992) (same standard in ADEA context).

Assuming that Bryson has established a prima facie claim for failure to promote, Bridgeway has set forth sufficient evidence of a legitimate, nondiscriminatory reason for not promoting Bryson, namely, that Bryson was not qualified and Hassan was more qualified than Bryson. *See Cox*, 792 F.3d at 938-39. Bridgeway has produced affidavits from Raniero, Kwasniewski, and Barnett to that effect, which are corroborated by documentation of Bryson's work history, including repeated reprimands for sleeping on the job and incorrect billing. The burden thus shifts to Bryson to show that Bridgeway's proffered reason is pretextual. *See id*.

Bryson has not set forth sufficient evidence to show that Brideway's proffered reason for not promoting her—her lack of qualifications and Hassan's superior qualifications—is pretextual. Bryson has provided no information regarding Hassan's qualifications and she relies

---

[3] 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).

7

on her own assertions that she was qualified for promotion to a Screener position. *See Richmond v. Bd. of Regents of Univ. of Minnesota*, 957 F.2d 595, 598 (8th Cir. 1992) (plaintiff failed to make prima facie showing she was qualified where defendants produced extensive documentation of her poor work performance); *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995) (summary judgment proper where there was no evidence plaintiff's qualifications surpassed or even equaled those of individual who was hired); *cf. Lyoch v. Anheuser-Busch Companies, Inc.*, 139 F.3d 612, 615 (8th Cir. 1998) (record included some deposition testimony and documents supporting plaintiff's assertion she was qualified for promotion). Therefore, Bridgeway is entitled to summary judgment on Bryson's failure to promote claim.

### B. Hostile Work Environment

Bryson claims that she was subjected to a hostile work environment because of her race and age. To establish such a claim, Bryson must show (1) she belonged to a protected group, (2) she was subjected to unwelcome harassment based on her protected status, (3) the harassment affected a term, condition, or privilege of her employment, (4) her employer knew or should have known of the harassment, and (5) the employer failed to take proper action. *Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 184 (8th Cir. 2014) *cert. denied*, 135 S. Ct. 2844 (2015). While Bryson belongs to a protected group, she has not presented any evidence or even specific allegations that she was subjected to unwelcome harassment based on her race or age. Bridgeway is therefore entitled to summary judgment on Bryson's hostile work environment claim.

### C. Retaliation

Bryson claims that Bridgeway retaliated against her for filing an EEOC charge. In her complaint, Bryson states that once she filed her EEOC charge, she began receiving emails and

reprimands about billing issues.  Bryson asserts that neither Raniero nor Barnett could explain to her what she was doing wrong and that changes to billing procedures were not communicated to her.  As with her claim for failure to promote, Bryson's retaliation claim is subject to the *McDonnell Douglas* framework. *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015).  To establish a prima facie claim for retaliation, Bryson must show (1) she engaged in a protected activity, (2) an adverse employment action was taken against her, and (3) a causal connection exists between the two. *Barker v. Missouri Dep't of Corrections*, 513 F.3d 831, 834-35 (8th Cir. 2008); *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 454 (8th Cir. 1997) (same standard in ADEA context).

Assuming that Bryson has established a prima facie claim for retaliation, Bridgeway has set forth sufficient evidence of a legitimate, nondiscriminatory reason for reprimanding and terminating Bryson, namely, her poor work performance. *See Gibson*, 776 F.3d at 540. Bridgeway has produced affidavits from Raniero, Kwasniewski, and Barnett and documentation of Bryson's work history that demonstrate repeated problems with sleeping on the job, incorrect billing, and communication and comprehension issues.  The burden thus shifts to Bryson to show that Bridgeway's proffered reason is pretextual. *See id*.

Bryson has not set forth sufficient evidence to show that Brideway's proffered reason for reprimanding and terminating her—her poor performance—is pretextual.  The record shows that Bryson was reprimanded about incorrect billing both *before* and after the filing of the EEOC charge, that she had a track record of poor performance, and that she was ultimately terminated for missing a mandatory meeting. *See Kneibert*, 129 F.3d at 455 (no causal connection where plaintiff was reprimanded before filing of charge and reprimands for same problems escalated after filing).  Bryson has not presented any evidence to rebut Bridgeway's legitimate reasons for

reprimanding and terminating her. *Gibson*, 776 F.3d at 540-41.  Therefore, Bridgeway is entitled to summary judgment on Bryson's retaliation claim.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.  [Doc. 31.]

A separate Judgment will accompany this Memorandum and Order.

Dated this 8th day of September, 2015.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE